# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ORTHOACCEL TECHNOLOGIES, INC. | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00350-ALM |
| | § | Judge Mazzant |
| PROPEL ORTHODONTICS, LLC | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff OrthoAccel Technologies, Inc.'s Motion to Compel Propel's Financials (Dkt. #317). The Court, having considered the motion and relevant pleadings, finds the motion should be granted in part.

### BACKGROUND

This motion comes before the Court as the parties' latest discovery dispute. On November 17, 2016, the Court ordered both OrthoAccel Technologies, Inc. ("OrthoAccel") and Propel Orthodontics, LLC ("Propel") to produce financial statements for the years 2014, 2015, and 2016 by November 21, 2016. In response, Propel produced a one-page "Statement of Operations" for each year. OrthoAccel, dissatisfied with the information contained in these reports, requested via email and at a meet and confer "detailed financial information from January 2015 to present" including Propel's trial balance, QuickBooks, or other financial accounting statements and reports. OrthoAccel also requested Propel's general ledgers including profit and loss statements ("P&L statements").

Following a meet and confer, Propel produced a single Statement of Operations for March 2016 through January 2017. On March 6, 2017, OrthoAccel again requested Propel's trial balance, QuickBooks, general ledgers, P&L statements, and other financial accounting statements and reports. Propel responded that it had already produced the P&L statements and would provide a

Bates label if OrthoAccel was unable to locate them. On March 19, 2017, Propel designated Greg Braham as its 30(b)(6) corporate representative to testify on Propel's (1) financial statements and the data supporting those statements; (2) total costs by quarter or month for advertising, marketing, or any other sales efforts for the VPro5; and (3) total revenues by month and quarter for sales of the VPro5. OrthoAccel again asked Propel for the Bates label of the P&L statements before Braham's deposition. On the eve of Braham's deposition, Propel instead provided OrthoAccel the Bates label for some of Propel's expenses from March 2016 to January 2017.

Braham's deposition revealed that he exported a P&L statement from QuickBooks, then following a conversation with his counsel, altered the P&L statement to produce a selling general and administrative ("SG&A") report. The SG&A report was created by deleting the revenues, cost of goods sold, and research and development costs from the QuickBooks-generated P&L statement. Braham stated it took only five minutes to produce the P&L statements, and he has created P&L statements for Propel in the past.

On March 22, 2017, OrthoAccel's counsel brought the discovery dispute to the Court's attention. The Court ordered the parties to brief the issue. On March 24, 2017, OrthoAccel filed a Sealed Motion to Compel Propel's Financials (Dkt. #317). On March 29, 2017, Propel filed a response (Dkt. #323).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). It is well-established that "control of discovery is committed to

the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents ("RFPs"), electronically stored information, and tangible things. Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection." *Id.* 34(b)(2)(C). On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest." *Id.*

After responding to each request with specificity, the responding attorney must sign their request, response, or objection certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a nonfrivolous argument for changing the law. Fed. R. Civ. P. 26(g). This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Fed. R. Civ. P. 26(g) advisory committee note (1983).

The federal rules follow a proportionality standard for discovery. Fed. R. Civ. P. 26(b)(1). Under this requirement, the burden falls on both parties and the court to consider the proportionality of all discovery in resolving discovery disputes. Fed. R. Civ. P. 26(b)(1), advisory committee note (2015). This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue. *Id.* For example, a party requesting discovery may have little information about the burden or expense of responding. *Id.* "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination." *Id.*

## ANALYSIS

OrthoAccel asserts that Propel refuses to produce its full financial statements necessary for OrthoAccel to present its damages claim and defend against Propel's counterclaims. OrthoAccel alleges Propel has mischaracterized the nature and extent of the financials available, and Propel could easily produce the relevant financials without undue expense or burden. OrthoAccel seeks an electronic copy of Propel's QuickBooks file or full and complete monthly P&L statements for each month between January 2014 and January 2017. Propel argues that such an expansive "data dump" request is extraordinary and should be denied. Propel claims that because it is a closely held, small company it does not have complex or audited financials and it produced the only financial statements it possessed. Further, Propel argues that OrthoAccel already has the financial information it needs, and creating P&L reports would be burdensome and duplicative. For the reasons set forth below, the Court finds Propel should produce monthly P&L statements from January 2014 through January 2017.

OrthoAccel seeks Propel's financials to determine the full amount in controversy, to prove its damages under the Lanham Act, and to defend against Propel's damages claims. The Court

finds that the materials and information sought are relevant because they are critical to OrthoAccel's damages analysis. *See Export Worldwide, Ltd.*, 241 F.R.D. at 263. The burden is on Propel to show why the requested financials are irrelevant, overly broad, unduly burdensome or oppressive. *Id.* Propel claims the information sought is irrelevant because the requested financials contain sales information for other products in Propel's line that are not the subject of this litigation. But the Court is not convinced by this argument. Propel should not deprive OrthoAccel of relevant financial information simply because Propel sells multiple products and does not segregate its product lines in its financials. The Protective Order only permits OrthoAccel's attorneys and designated experts to review the financials (Dkt. #79). If the P&L statements incorporate values irrelevant to OrthoAccel's claims or defenses, production would cause Propel no competitive harm.

Propel further claims that OrthoAccel's request to turn over an electronic copy of Propel's QuickBooks program is irrelevant and overly broad because it contains Propel's entire history of financial information for all products sold worldwide. The Court agrees. Unfettered access to the entirety of Propel's QuickBooks program is clearly not proportional to the needs of the case. But this reasoning does not extend to the requested P&L statements for the relevant period. The Court ordered both parties to produce full financials for the years 2014, 2015, and 2016 (Dkt. #165, #166). Producing P&L statements for these years would be neither irrelevant nor overly broad.

Propel finally argues that producing the requested financials would be unduly burdensome and duplicative. This argument is without merit. In response to discovery requests, Propel produced SG&A reports. Mr. Braham testified that these SG&A reports were created by exporting P&L statements from QuickBooks, then altering the P&L statements by removing the cost of

5

goods sold, research and development costs, and revenues (Dkt. #317, Exhibit N at 84–85). Mr. Braham further testified that while Propel does not produce P&L statements on a routine quarterly basis, Propel's management has asked him to produce P&L statements at request in the past (*Id.* at 133–34). Mr. Braham also stated that the QuickBooks program is capable of creating monthly, quarterly, or annual P&L statements (*Id.* at 53). Finally, Mr. Braham testified that it took him only five minutes to export the P&L statements from QuickBooks (*Id*. at 101–02). The Court finds production of these P&L statements appropriate and not unduly burdensome or duplicative.

## CONCLUSION

The Court, having considered the pleadings, finds OrthoAccel has proven that the P&L statements are relevant and proportional to its needs in the case. The Court further finds that Propel has not met its burden in proving the requested P&L statements should not be produced. *See Export Worldwide, Ltd.*, 241 F.R.D. at 263. However, the Court denies OrthoAccel's request for an electronic copy of Propel's entire QuickBooks program because it is an overbroad, disproportional request.

Accordingly, the Court finds Plaintiff OrthoAccel Technologies, Inc.'s Motion to Compel Propel's Financials (Dkt. #317) is **GRANTED** in part.

It is therefore **ORDERED** that Propel produce full monthly P&L statements from January 2014 through January 2017 by 5:00 p.m. on April 6, 2017.

**SIGNED this 4th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE