# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ORTHOACCEL TECHNOLOGIES, INC. | § § | |
| v. | § § | Civil Action No. 4:16-cv-00350-ALM |
| | § | Judge Mazzant |
| PROPEL ORTHODONTICS, LLC | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Propel Orthodontics, LLC's Rule 56(d) Motion to Deny or Defer OrthoAccel's Motion for Partial Summary Judgment (Dkt. #278). The Court, having considered the relevant pleadings, finds Propel Orthodontics, LLC's motion is granted.

## BACKGROUND

Plaintiff, OrthoAccel Technologies, Inc. ("OrthoAccel"), is a medical device company that manufactures dental appliances. In 2008, OrthoAccel developed a prototype hands-free dental device that uses gentle vibrations to accelerate tooth movement when used with orthodontic treatment. This prototype would eventually become the AcceleDent device, which has two main functional components: (1) a "Mouthpiece" and (2) an "Activator." The Activator is a small extraoral component that generates a vibrational force of 0.25N at 30 Hz. The Activator connects directly to the Mouthpiece, which the patient lightly bites down on for 20 minutes daily to accelerate tooth movement during orthodontic treatment.

On November 5, 2011, the Food and Drug Administration ("FDA") granted 510(k) clearance for AcceleDent as "an orthodontic accessory intended for use during orthodontic treatment. It is used in conjunction with orthodontic appliances such as braces and helps facilitate minor anterior tooth movement." A 510(k) is a premarketing submission made to the FDA to demonstrate that the device to be marketed is as safe and effective as a legally marketed device (a

"predicate device") that is not subject to premarket approval. 510(k) clearance is required for Class II devices, but Class I devices are 510(k) exempt. Class I devices are deemed to be low risk and are therefore subject to the least regulatory controls. For example, dental floss is classified as a Class I device. Class II devices are higher risk devices than Class I and require greater regulatory controls to provide reasonable assurance of the device's safety and effectiveness. Dental implants and braces are examples of Class II devices.

In 2012, OrthoAccel launched its Class II AcceleDent device in the United States to be used in conjunction with orthodontic treatment. In 2013, OrthoAccel launched the AcceleDent Aura ("Aura"), the second generation of AcceleDent, which initially was cleared to be used with braces only. OrthoAccel offers its customers special pricing through its AcceleDent NOW Program ("ADNow"). The ADNow agreements require doctors to offer the AcceleDent device to all patients in their practice and keep a certain number of units in stock. As of January 12, 2017, OrthoAccel had 127 providers signed up for the ADNow program.

Defendant Propel Orthodontics, LLC ("Propel") is also a medical device company that manufactures dental appliances. In January 2016, Propel began marketing a vibratory Class I device designed to help seat clear aligners. Orthodontic patients wear a series of these removable aligners, marketed under names such as Invisalign and ClearCorrect, to gradually straighten their teeth. In March 2016, Propel released the VPro5, which operates at 120 Hz and requires five minutes of daily use to properly seat (i.e., fit better on the teeth) clear aligners. The VPro5 costs significantly less than the OrthoAccel Aura. On July 8, 2016, OrthoAccel's product—the Aura—was cleared for use with clear aligners.

Propel primarily markets the VPro5 through its sales force in a consultative setting. Propel sales representatives originally promoted the VPro5 by telling orthodontists that the device offers

several clinical benefits ("5 Clinical Benefits"). These 5 Clinical Benefits include: (1) more efficient aligner seating, (2) relieves orthodontic pain, (3) accelerates tooth movement, (4) fast tracks retention, and (5) stimulates bone growth and remodeling. Propel's sales force originally marketed the VPro5 as a quicker, cheaper alternative to the AcceleDent device.

In May 2016, OrthoAccel sued Propel, claiming Propel falsely advertised the VPro5's 5 Clinical Benefits in violation of the Lanham Act. On October 3, 2016, Propel filed its counterclaims against OrthoAccel (Dkt. #118). On October 26, 2016, the Court entered a preliminary injunction enjoining Propel from advertising the 5 Clinical Benefits (Dkt. #148). On January 13, 2017, OrthoAccel filed a Motion for Partial Summary Judgment on Counterclaims (Dkt. #263). On January 30, 2017, Propel filed a Rule 56(d) Motion to Deny or Defer OrthoAccel's Motion for Partial Summary Judgment (Dkt. #278). On February 14, 2017, OrthoAccel filed a response (Dkt. #289). On February 22, 2017, Propel filed a reply (Dkt. #303).

**LEGAL STANDARD**

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Pro. 56(d).

Rule 56(d) "discovery motions are broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (internal quotation marks omitted). The Court generally should grant "a continuance for additional discovery if [the nonmovant]: (i) requested extended discovery prior to [the Court's] ruling on summary judgment; (ii) placed [the Court] on notice that further discovery pertaining to the summary judgment motion was being sought; and (iii) demonstrated to [the Court] with reasonable specificity how the requested discovery pertained

to the pending motion." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (citations omitted) (construing former Fed. R. Civ. P. 56(f)).

"To succeed on a Rule 56(d) motion, . . . the party requesting discovery must provide an affidavit or declaration in support of the request that 'state[s] with some precision the materials he hope[s] to obtain with further discovery, and exactly how he expect[s] those materials w[ill] assist him in opposing summary judgment.'" *Whitener v. Pliva, Inc.*, 606 Fed. App'x 762, 765 (5th Cir. 2015) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1443 (5th Cir. 1993)). And the nonmovant must "present specific facts explaining his inability to make a substantive response . . . and specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact" and defeat summary judgment. *Washington*, 901 F.2d at 1285 (internal quotations and citations omitted) (construing former Fed. R. Civ. P. 56(f)). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). "Rather, a request to stay summary judgment under [Rule 56(d)] must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992). The Court may properly deny a Rule 56(d) motion where the movant has "not pursued discovery diligently enough to warrant relief under Rule 56(d)." *McKay v.*

*Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (internal quotation marks omitted). Further, "[i]f it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment." *Raby*, 600 F.3d at 561 (quoting *Access Telecom*, 197 F.3d at 720).

The Court may also properly deny a Rule 56(d) where "the party filing the Rule 56(d) motion has failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016); *accord Mendez v. Poitevent*, 823 F.3d 326, 337 (5th Cir. 2016) (affirming denial of Rule 56(d) motion where Plaintiffs "vaguely assert[ed] . . . that deposing the witnesses would have permitted [plaintiffs] to further discover the facts from the witnesses," and "did not demonstrate below how the additional discovery [would] likely create a genuine issue of material fact . . . "[i]nstead, the result of the discovery they sought was wholly speculative" (citations and internal quotation marks omitted)).

## ANALYSIS

Propel alleges that at the time of filing this motion, it had little opportunity to conduct discovery to develop sufficient evidence in support of its counterclaims. Specifically, Propel alleges that it had not yet deposed key OrthoAccel representatives that had information crucial to its antitrust claims. Further, Propel claims OrthoAccel had not produced enough financial information and data to conduct a full evaluation of the economic effects of OrthoAccel's alleged anticompetitive conduct.

OrthoAccel contends Propel has already conducted an adequate amount of discovery for purposes of defending a summary judgment motion. Further, OrthoAccel claims Propel has not been diligent in seeking the discovery it now claims to need to defend against OrthoAccel's

summary judgment motion. Finally, OrthoAccel alleges Propel has not sufficiently explained what evidence it expects to obtain from the depositions.

Propel timely requested that the Court defer considering or deny OrthoAccel's summary judgment motion pursuant to Rule 56(d) because the motion is ripe for review and the Court has not yet ruled on it. *See Enplanar, Inc.*, 11 F.3d at 1291. Thus, the primary issue before the Court is whether Propel has demonstrated with some precision the materials it hopes to obtain with further discovery, and exactly how those materials will assist in opposing summary judgment. *See Krim*, 989 F.2d at 1443. For the following reasons, the Court finds Propel has shown it is unable to adequately defend against OrthoAccel's motion without additional discovery.

In its partial motion for summary judgment, OrthoAccel alleges Propel's antitrust counterclaims fail because "Propel has no evidence to support a stand-alone exclusive dealing claim" regarding the AcceleDent NOW Program (Dkt. #263 at 10). Propel's primary argument is that it cannot adequately defend against OrthoAccel's motion for summary judgment on Propel's antitrust counterclaims because OrthoAccel has refused to produce a witness with adequate information regarding the AcceleDent NOW Program. Propel specifically contends that at the time it filed this motion, OrthoAccel had not yet produced available dates for then-CEO Kelly Enos's deposition. Ms. Enos submitted a declaration in support of OrthoAccel's motion, but OrthoAccel had not responded to Propel's scheduling requests for Ms. Enos's deposition. OrthoAccel contends that Ms. Enos' deposition is not essential to defend against its summary judgment motion because Propel had already deposed other OrthoAccel representatives with knowledge of the AcceleDent NOW Program. But these other representatives did not have sufficient knowledge of the AcceleDent NOW agreements. For example, former-CEO Michael Lowe testified that he was "not the person to answer questions about the details of how AcceleDent NOW is administered. I simply

6

don't know." (Dkt. #289, Exhibit A-1 at 109–10). He further testified that he was not familiar with the structure of the contract and identified Ms. Enos as a source of knowledge regarding the AcceleDent NOW agreements. The Court finds Ms. Enos's deposition is critical to developing Propel's counterclaims and will "enable [Propel] to rebut [OrthoAccel's] allegations of no genuine issue of fact." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284–85 (5th Cir. 1981).[1]

Propel has also shown that at the time of the filing of this motion, OrthoAccel had not produced sufficient documentation regarding its AcceleDent NOW Program. Propel submits in its Rule 56(d) motion a Declaration of Stephanie R. Wood, in which Ms. Wood represents that OrthoAccel has not responded to her requests to produce missing email attachments, pricing committee notes, and sales data highly relevant to Propel's counterclaims (Dkt. #278, Exhibit A). The Court finds it would be inappropriate to consider OrthoAccel's motion for summary judgment when OrthoAccel has prevented—through incomplete production—Propel from developing and defending its counterclaims.

The Court finds that Propel has sufficiently identified what materials it hopes to obtain through additional discovery. The next step in the analysis is to determine whether Propel has shown that the additional materials would likely create a genuine issue of material fact. *See Mendez*, 823 F.3d at 337. Propel claims it needs time to obtain additional written discovery, further document production, and other data from expert witnesses and third parties that would evidence whether OrthoAccel's AcceleDent NOW Program operated in an anticompetitive manner. Specifically, Propel alleges the continued discovery would uncover evidence bearing directly on

---

[1] Additionally, Propel alleges it has not yet had the opportunity to present expert analysis because the expert disclosure deadline has not passed. The Court extended the disclosure deadlines concerning causes of action for which the parties bear the burden of proof and for which the parties do not bear the burden of proof to April 10, 2017, and May 10, 2017, respectively—months after the parties filed these motions. Considering the complex market analysis required under Fifth Circuit antitrust law, the Court finds expert testimony necessary to determine whether there is a genuine issue of material fact regarding Propel's antitrust counterclaims. *See Apani v. Coca-Cola Enters., Inc.*, 128 F. Supp. 2d 988, 994 (N.D. Tex. 2001), *aff'd*, 300 F.3d 620 (5th Cir. 2002).

7

the fact issues presented in OrthoAccel's motion, including whether (1) Propel is a member of the relevant market; (2) the devices are interchangeable; (3) the AcceleDent NOW agreements constitute *de facto* exclusive dealing; and (4) OrthoAccel has taken actions to tortiously interfere with Propel's contracts. The Court finds Propel has set forth a "plausible basis" for believing that specified facts probably exist and indicate how they will influence the outcome of the pending summary judgment motion. *Raby*, 600 F.3d at 561.

The final step in the analysis is to determine whether Propel has diligently pursued relevant discovery. *See Wichita Falls Office Assocs.*, 978 F.2d at 919. In Ms. Wood's declaration, she identifies over a dozen attempts via email and telephone to obtain deposition date proposals from OrthoAccel's counsel, some of which went completely unanswered (Dkt. #278, Exhibit A). Further, Ms. Wood contends that OrthoAccel has not responded to her requests for the aforementioned missing email attachments, pricing committee notes, and sales data. The Court finds these numerous requests indicate that Propel pursued discovery "diligently enough to warrant relief under Rule 56(d)." *McKay*, 751 F.3d at 700.

## CONCLUSION

In summary, Propel has shown that the facts of this case have not fully developed. Ruling on the merits of OrthoAccel's motion for summary judgment at this time would be improper. Propel should have the opportunity to discover the facts pertinent to its counterclaims.

It is therefore **ORDERED** that Propel's Rule 56(d) Motion to Deny or Defer OrthoAccel's Motion for Partial Summary Judgment (Dkt. #278) is hereby **GRANTED**.

It is further **ORDERED** that Propel may supplement its response to OrthoAccel's Motion for Partial Summary Judgment on Counterclaims (Dkt. #263) within fourteen (14) days of the entry of this order.

8

It is further **ORDERED** that OrthoAccel may submit a reply within seven (7) days of Propel filing its supplemented response.

**SIGNED this 11th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE